## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MEDIA PRODUCTS, INC.,

        Plaintiff,

        v.

DOES 1 - 31,

        Defendants.

Civil Action No. 11-2299 (BAH)
Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Pending before the Court are motions to quash, vacate, modify the subpoena and sever defendants filed by Helene Bloom, ECF No. 7, and an anonymous individual, John Doe (hereinafter "Doe"), ECF No. 10.  Ms. Bloom and Doe (collectively "Movants") are not named as defendants in this case, but claim to have received notices from their Internet Service Providers ("ISPs") that plaintiff Media Products, Inc. seeks certain identifying information in connection with allegations in the Complaint that 31 Internet Protocol ("IP") addresses used a file-sharing program called BitTorrent to download and distribute illegally the plaintiff's copyrighted movie *Don't Tell My Wife that I A… The Babysitter 7*. [1]  In response, these two individuals have filed motions seeking to prevent disclosure of their identifying information and otherwise to secure dismissal from the lawsuit.  For the reasons set forth below, their motions are denied.

## I.    BACKGROUND

On December 28, 2011, plaintiff Media Products, Inc. filed a Complaint against 31 unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally

---

[1] Ms. Bloom states that she is identified in the Complaint by IP address 68.239.82.231 (John Doe Number 1 in Exhibit A to the Complaint), and  Doe states that he is identified by IP address 96.255.163.254 (John Doe Number 8 in Exhibit A to the Complaint).

infringe plaintiff's copyright in the motion picture *Don't Tell My Wife that I A… The Babysitter 7*.

Compl. ¶¶ 15-26.  These unnamed computer users are identified only by their IP addresses.  Given

that the defendants in this case were unidentified at the time the plaintiff initiated the instant

lawsuit, on January 3, 2012, the Court granted the plaintiff leave to subpoena ISPs to obtain certain

identifying information for the putative defendants.  ECF No. 6.  Specifically, the Court authorized

the plaintiff to obtain "limited information sufficient to identify only the putative Defendants,"

which included the "name, current and permanent address, e-mail address, and Media Access

Control (MAC) Address" associated with each IP address listed in Exhibit A to the plaintiff's

Complaint.  *Id.* at 1.

Since the Court approved expedited discovery, ISPs have provided identifying information

for the putative defendants in response to the plaintiff's subpoenas on a rolling basis.  Prior to

providing the plaintiff with a putative defendant's identifying information, however, the Court

required ISPs to send a Court-directed notice to the putative defendants informing them of their

right to challenge release of their information in this Court.  Order Granting Pl. Leave to Take

Expedited Disc., ECF No. 6, app. A.

The Court is now presented with motions from two individuals who seek to prevent

disclosure of their identifying information or otherwise obtain dismissal from the lawsuit:  Helene

Bloom has filed a "motion to quash or vacate," ECF No. 7, in which she generally criticizes the

plaintiff's alleged evidence against her and objects to disclosure of her identity; and Doe has filed a

"motion to quash or modify subpoena and sever defendants," arguing that the Court lacks personal

jurisdiction, that the subpoena violates his First Amendment rights to anonymous speech, and that

the plaintiff has improperly joined the putative defendants.  ECF No. 10.  The Court granted leave

to file these motions even though these two individuals are not a party to the lawsuit.  For the

reasons stated below, the Court denies the Movants' motions.

## II.    MOTIONS TO QUASH UNDER FEDERAL RULE OF CIVIL PROCEDURE 45

Helene Bloom has filed a motion to quash the plaintiff's subpoena to her ISP, Verizon Internet Services, on grounds that she did not infringe the plaintiff's copyright.  Specifically, she contends that she runs a coffee house which provides Internet service to customers and has "no control over what is downloaded or uploaded on a customer's computer."  Bloom Mot. Quash or Vacate Subpoena, ECF No. 7, at 1.  Furthermore, Doe argues that the court should quash the plaintiff's subpoena to his ISP "because it violates [his] First Amendment Right to anonymous speech."  Doe Mot. Quash or Modify Subpoena, ECF No. 10, at 7; *see also* FED. R. CIV. P. 45(c)(3)(A)(iv).  Both of these arguments are unavailing.

Under Federal Rule of Civil Procedure 45(c), the Court must quash a subpoena when, *inter alia*, it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv).  Ms. Bloom's argument that she did not engage in the alleged illegal activity is not a basis for quashing the plaintiff's subpoena.  It may be true that Ms. Bloom did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on Ms. Bloom' assertion that her internet connection was used by multiple customers in her coffee house, decide not to pursue a copyright infringement claim against her.  On the other hand, the plaintiff may decide to name Ms. Bloom as a defendant in order to have the opportunity to contest the merits and veracity of her defense.  In other words, if Ms. Bloom is named as a defendant in this case, she may deny allegations that she used BitTorrent to copy and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against her.  A general denial of liability or criticism of the evidence against her, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining her identifying information.

That would deny the plaintiff access to the information critical to bringing Ms. Bloom properly into the lawsuit to address the merits of both the plaintiff's claim and Ms. Bloom's defense. *See, e.g., Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1 - 4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash filed by putative defendants in a BitTorrent file-sharing case and stating that while their "denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties].").

Doe argues that the subpoena issued to his ISPs should be quashed because it "violates [his] First Amendment Right to anonymous speech." Doe Mot. Quash or Modify Subpoena, ECF No. 10, at 7. This argument is also unavailing. The Movants essentially argue that the plaintiff's subpoenas require disclosure of their confidential identifying information, which causes them hardship.[2] The Court recognizes that the putative defendants' First Amendment right to anonymous speech is implicated by disclosure of their identifying information. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 349-50 (D.D.C. 2011) ("While copyright infringement is not afforded First Amendment protection, file-sharing does involve aspects of expressive communication."); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he file sharer may be expressing himself or herself through the

---

[2] To the extent that the movants argue that they are subject to an undue burden because this Court lacks personal jurisdiction over them, their personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit. Given that they are not named parties, they are not required to respond to the allegations presented in the plaintiff's Complaint or otherwise litigate in this district. Moreover, the plaintiff has issued subpoenas to ISPs. Consequently, the Movants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship. Any reliance they may have placed on Federal Rule of Civil Procedure 45(c)(3)(A)(ii) as an alternate basis to quash the plaintiff's subpoenas is therefore also misplaced. Rule 45(c)(3)(A)(ii) requires the Court to quash a subpoena when the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." The Movants are not required to respond to the plaintiff's subpoenas or otherwise travel away from their homes or places of employment.

music selected and made available to others."); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 (D. Mass. 2008).  Nevertheless, whatever asserted First Amendment right to anonymity individuals may have in this context does not shield them from allegations of copyright infringement.  *See Call of the Wild*, 770 F. Supp. 2d at 349 ("The First Amendment interest implicated by [BitTorrent users'] activity . . . is minimal given that file-sharers' ultimate aim is not to communicate a thought or convey an idea but to obtain movies and music for free.") (internal quotation omitted); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Achte/Neunte*, 736 F. Supp. 2d at 216 n.2 ("[T]he protection afforded to such speech is limited and gives way in the face of a prima facie showing of copyright infringement");  *Sony,* 326 F. Supp. 2d at 567 (First Amendment right of alleged file-sharers to remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-cv-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

Finally, to the extent that the Movants' contend that the plaintiff's subpoenas to their ISPs for their identifying information should be quashed because they are an improper way to obtain the requested information, the movants fail to recognize that there is simply no other means for the plaintiff to obtain identifying information for those allegedly infringing its copyright.  *See Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 252 (D. Me. 2008) ("[T]he Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately

infringed that interest without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests.").  A copyright owner's effort to counter broad-scale infringing activity through the use of BitTorrent and other file-sharing protocols is a difficult challenge, and copyright owners' efforts to protect their copyrighted works through Doe actions, such as this one, are "costly[,] time consuming[,] . . . cumbersome and expensive."  *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir. 2005) (Murphy, J., dissenting). Yet, copyright owners have limited alternatives to obtain redress for infringement of their protected works other than such lawsuits.  Individuals infringing the plaintiff's copyright through the use of BitTorrent do so anonymously, and can only be identified by their IP address and the date and time the alleged infringing activity occurred.  *See* Pl.'s Mot. Expedited Discovery, ECF No. 4, Ex. 2, Decl. Jon Nicolini, ¶¶ 19-20.  Only by issuing subpoenas to ISPs may the plaintiff obtain information to identify the individuals who allegedly used the IP addresses implicated in the alleged infringing activity.  *In re Charter Commc'ns*, 393 F.3d at 775 n.3 ("[A]s a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity.").  As stated earlier, the Movants may have legitimate defenses to the plaintiff's copyright infringement claims, but the plaintiff is entitled to take steps to protect its copyrighted material and an opportunity to contest the Movants' denial of liability, which necessitates identifying the alleged infringers.

The plaintiff's subpoenas requesting the putative defendants' identifying information is not improper and is not outweighed by any privacy interest or First Amendment right to

anonymity.  Moreover, a general denial of liability is not a proper basis to quash the plaintiff's

subpoenas. Accordingly, the Movants' motions to quash the subpoenas are denied.

## III.    MOTIONS TO DISMISS BASED ON IMPROPER JOINDER

Doe argues that the plaintiff has "improperly joined [defendants] for Plaintiff's own

convenience," and that other defendants therefore "should be severed from this action for

misjoinder."  Doe Mot. Quash or Modify Subpoena, ECF No. 10, at 1, 12.  The Movant's

argument that he has been improperly joined may be meritorious should he be named as a

defendant in this action.  At this stage in the litigation, however, when discovery is underway to

learn identifying facts necessary to permit service on anonymous defendants, joinder, under

Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified only by IP addresses is

proper.

Pursuant to Federal Rule of Civil Procedure 21, the remedy for improper joinder is not

dismissal of the action.  FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing

an action.").[3]  Improper joinder may be remedied by "drop[ping]" a party and severing the claim

against that party.  FED. R. CIV. P. 21 ("On motion or on its own, the Court may at any time, on

just terms, add or drop a party.").  This would simply create separate actions containing the same

claims against the same dropped putative defendants.  *See Bailey v. Fulwood*, No. 10-cv-463,

2010 U.S. Dist. LEXIS 141356, at *11 (D.D.C. Feb. 15, 2010); *In re Brand-Name Prescription*

*Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims

---

[3] Rule 21 does not set forth what constitutes misjoinder, but "it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (citation omitted).  Courts have also read Rule 21 in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party. *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002); *see also* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").  In addition to the two requirements of Rule 20(a)(2), courts therefore also consider whether joinder would prejudice any party or result in needless delay.  *See Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007); *Tenet*, 216 F.R.D. at 138.

under Rule 21 results in the creation of separate actions."). The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency. *See Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (Permissive joinder under Federal Rule 20 is designed "to promote trial convenience and expedite the resolution of lawsuits," quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).

For example, in *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008), the court consolidated separate Doe lawsuits for copyright infringement since the "cases involve[d] similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider." *Id.* at 161. In the court's view, consolidation of the separate lawsuits for the purposes of expedited discovery "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised." *Id.* The court noted that, after discovery, "[t]he case against each Doe [would] be individually considered for purposes of any rulings on the merits," and the putative defendants could "renew the severance request before trial if the case proceeds to that stage." *Id.* at 161 n.7.

In addition to providing efficiencies for expedited discovery on jurisdictional issues, defendants may be properly joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences; and any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2); *see also Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) (interpreting Rule 20(a)(1), which has the same requirements as Rule 20(a)(2)). The requirements for permissive joinder are "liberally construed

in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive determination of the action." *Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007) (internal quotation omitted); *see also Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010). Thus, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [and] joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In the present case, the plaintiff has met all the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(2). The first requirement is that claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). This essentially requires claims asserted against joined parties to be "logically related." *Disparte*, 223 F.R.D. at 10.

The plaintiff alleges that the putative defendants used the BitTorrent file-sharing protocol to distribute illegally the plaintiff's motion picture. Compl. ¶¶ 5, 9-13. The plaintiff states that when using BitTorrent to download a file, each new [user] receives a different piece of the data from each [user] who has already downloaded the file." *Id.* at ¶ 9. Thus, the file-sharing protocol makes "every downloader [] also an uploader of the illegally transferred file." *Id.* According to the plaintiff, each putative defendant is a possible source for the plaintiff's motion picture, and may be responsible for distributing this copyrighted work to the other putative defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work. The plaintiff further asserts that the IP addresses listed in the Complaint "have utilized the same exact hash mark . . . which establishes them as having taken part in the same series of transactions." *Id.* at ¶ 11. While the putative defendants may be able to rebut

these allegations at a later date, at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related. *See Arista Records*, 551 F. Supp. 2d at 11.

The second requirement for proper joinder under Rule 20(a)(2) is that the plaintiff's claims against the putative defendants must contain a common question of law or fact. FED. R. CIV. P. 20(a)(2)(B); *see also Disparte*, 223 F.R.D. at 11. The plaintiff has met this requirement as well. The plaintiff must establish against each putative defendant the same legal claims concerning the validity of the copyright at issue and the infringement of the exclusive rights reserved to the plaintiff as the copyright holder. Furthermore, the putative defendants are alleged to have utilized the same BitTorrent file-sharing protocol to distribute and download illegally the plaintiff's movie and, consequently, factual issues related to how BitTorrent works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant. The Court recognizes that each putative defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).

In addition to the two requirements for permissive joinder under Rule 20(a)(2), the Court must also assess whether joinder would prejudice the parties or result in needless delay. *See Lane,* 2007 WL 2007493, at *7; *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002). At this stage in the litigation, it will not. The putative defendants are currently identified only by their IP addresses and are not named parties. They are thus not required to respond to the plaintiff's allegations or assert a defense. The Movants and any named defendant may be able to

demonstrate prejudice should the plaintiff name and proceed with a case against them,[4] but they cannot demonstrate any harm that is occurring to them before that time.  In addition, rather than result in needless delay, joinder of the putative defendants facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of the plaintiff's claims.  The plaintiff has met the requirements of permissive joinder under Rule 20(a)(2) and joinder of the putative defendants is proper.  The Court therefore concludes that severance at this procedural juncture, as numerous other courts both in and outside this District have held, is premature.  *See, e.g., Call of the Wild,* 770 F. Supp. 2d. at 341-45; *Achte/Neunte*, No. 10-cv-453 (D.D.C. July 2, 2010) (Order denying motion to sever putative defendants) (Collyer, J.); *Arista Records*, 551 F. Supp. 2d at 11 (Kollar-Kotelly, J.); *London-Sire Records*, 542 F. Supp. 2d at 161 n.7 (D. Mass. 2008); *Sony Music*, 326 F. Supp. 2d at 568 (S.D.N.Y. 2004).

## IV.   MOTIONS TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION

Doe asserts that he should be dismissed from this lawsuit because "Plaintiff has not established that this Court has personal jurisdiction over Defendant." Doe Mot. Quash or Modify Subpoena, ECF No. 10, at 4.  The Movant's assertion that he has no ties to this jurisdiction would become relevant for the Court's consideration when and if he is named as a party in this action.  He cannot, however, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which he is not yet a party.

Moreover, to establish personal jurisdiction, the Court must examine whether jurisdiction is applicable under the District of Columbia's long-arm statute, D.C. CODE § 13-423, and must also determine whether jurisdiction satisfies the requirements of due process.  *See GTE New*

---

[4] Should Doe be named in the Complaint, he may raise the argument that the defendants are improperly joined, under Federal Rule of Civil Procedure 20, and move to sever, under Federal Rule of Civil Procedure 21.

*Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Due Process requires the plaintiff to show that the defendant has "minimum contacts" with the forum, thereby ensuring that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also GTE New Media Servs.*, 199 F.3d at 1347.

In cases where a party's contacts with the jurisdiction are unclear and the record before the court is "plainly inadequate," courts have allowed for a discovery period within which to gather evidence to support jurisdiction.  *See GTE New Media Servs.*, 199 F.3d at 1351-52 (reversing lower court's finding of personal jurisdiction, but stating that "[t]his court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.").  "This Circuit's standard for permitting jurisdictional discovery is quite liberal," *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003), and jurisdictional discovery is available when a party has "at least a good faith belief" that it has personal jurisdiction.  *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Courts have permitted discovery even when a party has failed to establish a *prima facie* case of personal jurisdiction.  *See GTE New Media Servs.*, 199 F.3d at 1352 (". . . as the record now stands, there is absolutely no merit to [plaintiff]'s bold claim that the parent companies and subsidiaries involved in this lawsuit should be treated identically.  Jurisdictional discovery will help to sort out these matters."); s*ee also In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (discussing *GTE New Media Servs.* and stating that "the D.C. Circuit held that although plaintiffs had failed to establish a prima facie case of personal jurisdiction and the court was unable to tell whether jurisdictional discovery would assist GTE on this score, plaintiffs were entitled to pursue

[discovery].").  In such cases, a party is entitled to pursue "precisely focused discovery aimed at addressing matters relating to personal jurisdiction." *GTE New Media Servs.*, 199 F.3d at 1352.

Although the Movant asserts that he does not have sufficient contacts with this jurisdiction to justify personal jurisdiction, the Court, as well as the plaintiff, has limited information to assess whether this jurisdictional defense is valid and to evaluate possible alternate bases to establish jurisdiction.  *See, e.g., London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction."); *Humane Soc'y of the United States v. Amazon.com, Inc.*, No. 07-cv-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum," quoting *Virgin Records Am., Inc. v. Does 1-35*, No. 05-cv-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006)).  To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is proper.  If and when defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider whether dismissal on this ground is appropriate. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.  *See London-Sire Records*, 542 F. Supp. 2d at 180-81 (stating that it was "premature to adjudicate personal jurisdiction" and permitting plaintiff to engage in jurisdictional discovery); *Sony*, 326 F. Supp. 2d. at 567-68 (same).  Accordingly, Doe's argument that he should be dismissed from this case because of a purported lack of personal jurisdiction is denied at this time.

13

**V.      CONCLUSION**

For the reasons stated above, the Movants have failed to demonstrate that the plaintiff's subpoenas issued to ISPs should be quashed, vacated or modified, or that they should otherwise be dismissed from this case on the basis of improper joinder and a lack of personal jurisdiction. Accordingly, it is hereby

**ORDERED** that the motions to quash, dismiss, and for protective orders filed by Helene Bloom, ECF No. 7, and John Doe, ECF No. 10, are DENIED.

**SO ORDERED.**

**DATE: APRIL 10, 2012**

/s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge